Smith, J.
We are of the opinion that the weight of the evidence in this cause is, that the defendant in error,the city of Middle- *500 town, was guilty of negligence and want of ordinary care, in making the excavation in the sidewalk in front of the premises of the plaintiff, and in leaving it wholly unguarded by any railing or suitable protection, and without the necessary signal lights,to warn persons using the streets, as they were authorized to do, of the danger they incurred by so doing. And that neither the evidence offered on the part of the plaintiff, or that introduced by the defendant, showed that the plaintiff, at the time she received the injury from falling into this excavation, was guilty of negligence which contributed to her injury.
There is no controversy as to these facts, viz: That the excavation was made by the employes of the defendant late in the afternoon of a dark November day, (November 23); that the men were employed in doing this but an hour or two; that the excavation was of sufficient depth to be dangerous to persons walking along the pavement without knowledge of its existence; that the plaintiff, while attempting to walk across the pavement after night-fall of that day, fell into the ditch and w*as severely injured; that the defendant, or its agents, left no railing about the excavation. And it quite clearly appears that a person coming from the house of the plaintiff, as she did, to cross the pavement in front of her lot, could not see any light or other signal to warn her of danger; and even if it be true, as claimed by the defendant, that a light was placed on a pile of brick, near the premises, (which is exceedingly doubtful on the evidence), we are satisfied, that this was not sufficient precaution under the circumstances of the case.
Nor was the evidence, as we have said, sufficient to sustain the claim of the defendant that Mrs. Moon was' negligent. She testifies expressly, that she had no knowledge whatever, that the men had been at work on the pavement that afternoon; that she was in the rear of her house all the afternoon ironing, and was not in the front yard where she *501 could see them at all, and that the first she knew of it, was when, in the dark,she stepped from her yard onto the pavement, and fell into the ditch. There is evidence which tends strongly to confirm her statements, aside from the fact that the presumption could hardly be, that she would voluntarily walk into such a place, if she had known of it; the only evidence tending, in any degree, to show that she knew that the men had been at work there, was the testimony of the witness, who says he knew her by sight, and that during the afternoon, he saw her, or a person he took to be her, come into her front yard and call her little girl; this was denied by the plaintiff, and it was testified by another witness, who was at the house of the plaintiff at the time, that it was she herself who did this.
If the jury, on this state of facts, found that the plaintiff was negligent, the verdict was manifestly wrong. We think, on the facts, the trial judge should have set aside the verdict and granted a new trial. But in addition to this, we think the court erred in its rulings as to the admission of evidence, and in several charges given to the jury at the request of the defendant’s counsel.
The deposition of the husband of Mrs. Moon was taken, but he died before the trial. At the trial, on the motion of the defendant, several questions put to the witness and the answers thereto, (which we think were competent), were stricken out, and proper exceptions taken. Mr. Moon had testified, among other things,that he had been at home with his wife all that afternoon, and was asked, whether he had any knowledge of Mrs. Moon leaving the premises before, or whether she was there all the afternoon before dark. The husband answered that he had no such knowledge, and that she was in the back part of the house all afternoon, ironing. As to the objection to the questions that they were leading, we think they were not, and that the answers were competent. The witness was also asked to state the con *502 dition of his wife after the accident. He answered, “that it was about three months of the time that she was deprived of being able to go about with her work, for if she did, she had to cripple around, and since then she has been crippled more or less of the time:. ” We see no objection to this answer, and it should not have been stricken out. There are other like rulings which we do not consider it necessary to refer to.
The general charge of the court, in our opinion, correctly stated the law and,if it had been allowed to stand,the plaintiff would not have had good ground to complain of it; even of that part which states, “that if the plaintiff, by her negligence and carelessness, contributed in the slightest degree to her injuries, that she could not recover”; but the counsel for the defendant asked the court to give certain specific charges, some of which were given, and the plaintiff excepted. No, 3, as given, was as follows:
“If the jury find from the evidence that Mrs. Moon saw the men at work on her sidewalk on the afternoon of the day when the injury took place, and knew that they were about -to make an excavation, in the sidewalk, for the purpose of making the improvement, and that in the evening she fell on account of such excavation, she was-guilty of contributory negligence, and not entitled to recover from the city, notwithstanding that she was injured, and the jury must bring in a verdict for the defendant. ”
We think that this states tne law altogether too strongly against the plaintiff. We think, too, that the court was not authorized to say to the jury, as a matter of law, that the mere fact that the plaintiff may have seen men at work on her sidewalk that afternoon, and knew that they were about to make an excavation in the sidewalk for the purpose of making the improvement, and she afterward fell into it, made her guilty of contributory negligence, and prevented a recovery by her. Whether, under the circum *503 stances of the case, she was guilty of contributory negligence, was a question for the jury to settle under appropriate instructions by the court. The facts assumed by the court, if proven, were proper to be considered by the jury in determining whether she was negligent, and thereby contributed to her injury, but in themselves are not conclusive.
Donley & Bhonemus, and W. S. Harlem, for Plaintiff in Error.
Ben Hamoitz, for Defendant in Error.
We think, too, that the specifications given to the contractor, and the written report of the engineer which were admitted in evidence, were not competent, and should have been excluded.
For these reasons the judgment will be reversed, and a new trial awarded.